UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

FORT LAUDERDALE DIVISION

CASE NO.:

STEPHANIE ANDUJAR,

 Plaintiff,

vs.

TIRONE ELECTRIC, INC.,

 Defendant(s).

_____/

**<u>Complaint for Damages and Equitable Relief – Jury Trial Demanded</u>**

Plaintiff, Stephanie Andujar, by and through her undersigned counsel, sues Defendant, Tirone Electric, Inc., and alleges as follows:

### Introduction

1. This is an action by Plaintiff, Stephanie Andujar (hereinafter referred to as "Plaintiff"), under Title VII of the Civil Rights Act of 1964, 42 U.S.C.A. §§ 2000e et seq., as amended by the Pregnancy Discrimination Act, 42 U.S.C.A. § 2000e(k) (hereinafter "Title VII as amended by the PDA"), and the Florida Civil Rights Act of 1992, Florida Statute Section 760 (hereinafter "FCRA"), to redress the injury done to Plaintiff by the Defendant, Tirone Electric, Inc. (hereinafter referred to as "Defendant"), based on her sex and pregnancy.

### Jurisdiction and Venue

2. This Court has jurisdiction over Plaintiff's Title VII as amended by the PDA claims pursuant to 28 U.S.C. §1331 and §1343.

3. Plaintiff invokes this Court's supplemental and pendant jurisdiction over Plaintiff's FCRA claims pursuant to 28 U.S.C. § 1367 because they arise out of the same operative facts as the Title VII claims.

4. The venue of this action is properly placed in the Southern District of Florida, Fort Lauderdale Division, pursuant to 28 U.S.C. §1391(b), since the employment practices hereafter alleged to be unlawful were committed in Broward County, within the jurisdiction of this Honorable Court.

**The Parties**

5. At all times material hereto, Plaintiff was a resident of Broward County and was an employee of Defendant.

6. Plaintiff is a member of protected classes of persons under Title VII as amended by the PDA and the FCRA because of her sex and pregnancy.

7. At all times material hereto, Defendant was, and continues to be, a Florida Profit Corporation, located and doing business in Broward County.

8. At all times material hereto, Defendant was an employer engaged in an industry affecting commerce who has fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, within the meaning of Title VII as amended by the PDA, 42 U.S.C. §§ 2000e (b), (g), and (h).

9. At all times material hereto, Defendant employed fifteen or more employees for each working day in each of twenty or more calendar weeks in the current or preceding calendar year, as defined by the FCRA, Fla. Stat. § 760.02(7).

10. At all times material hereto, Defendant was, and continues to be, a Florida Profit Corporation, located and doing business in Broward County, and was a "person" and/or "employer" as envisioned by the FCRA.

## Conditions Precedent

11. On or about January 19, 2021, Plaintiff filed a Charge of Discrimination with the U.S. Equal Employment Opportunity Commission ("EEOC") and cross-filed that charge with the Florida Commission on Human Relations ("FCHR").

12. On or about April 14, 2021, the EEOC issued Plaintiff her Notice of Rights, allowing her to bring this proceeding.

13. The present Complaint is being filed within 90 days from the Plaintiff's receipt of the "Dismissal and Notice of Rights."

14. To date, over 180 days have passed since the filing of the Charge of Discrimination.

15. All conditions precedent to this action have been satisfied, have been waived, or would be futile.

## General Allegations

16. Defendant is an electrical contractor, offering an array of services, such as system design, installation, and maintenance.

17. Plaintiff began working for Defendant as a Permit Coordinator in June 2019.

18. Shortly after starting work for Defendant, Plaintiff learned she was pregnant and advised Defendant of same.

19. On February 10, 2020, Plaintiff emailed Defendant's Office Manager, Jennifer Morgan (hereinafter "Morgan"), to inform Defendant of her April due date and to ask if Defendant would allow her to work part time during her maternity leave.

20. Plaintiff also explained that, upon returning to the office, she would need to take three breaks per day for pumping. However, to avoid losing any time, Plaintiff offered to take lunch during these pumping breaks, and to stay late and/or come in early as needed.

21. Defendant agreed to allow Plaintiff take twelve weeks of maternity leave from full-time work — two weeks paid time off to recover following the birth of her child, and ten additional weeks of part-time work from home.

22. On April 3, 2020, Plaintiff gave birth to her child and took the next two weeks off to recover.

23. Once Plaintiff was ready to return to work, Defendant requested she work remotely, but on a full-time basis, rather than part-time, as had previously been the plan.

24. Throughout the remainder of April, May, and June, Plaintiff worked efficiently from home, successfully performing her job duties with minimal trips to the office.

25. In fact, throughout her entire employment with Defendant, Plaintiff met and/or exceeded performance expectations without any instances of discipline.

26. On June 24, 2020, as her maternity leave was nearing an end, Plaintiff emailed Morgan to ask if Defendant would permit her to continue working remotely until the Covid-19 pandemic was under better control, to avoid exposing herself, her young son, and her newborn child to potential infection.

27. On June 25, 2020, Morgan replied to Plaintiff, stating Plaintiff had not actually been on maternity leave, but that Defendant would take Plaintiff's request under advisement.

28. Morgan concluded the email by informing Plaintiff that she was due for her annual performance review and requested Plaintiff come into the office the next day, June 26.

29. On June 26, 2020, Plaintiff arrived at the office to learn that there was never an "annual review" meeting scheduled, and instead Defendant terminated Plaintiff's employment on the spot.

30. During the termination meeting, Morgan told Plaintiff, "Now you get to stay home with your baby."

**Count I: Pregnancy Discrimination in Violation of Title VII as Amended by the PDA**

31. Plaintiff, realleges and adopts, as if fully set forth in this Count, all the allegations in ¶¶ 1-30.

32. Pursuant to Title VII as amended by the PDA, 42 U.S.C. §2000e Section 703 (a), "It shall be an unlawful employment practice for an employer - (1) to fail or refuse to hire or to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin; or (2) to limit, segregate, or classify its employees or applicants for employment in any way which would deprive or tend to deprive any individual of employment opportunities or otherwise adversely affect his status as an employee, because of such individual's race, color, religion, sex, or national origin.

33. Title VII, as amended by the PDA, at 42 U.S.C. § 2000e (k) provides that discrimination based on sex includes discrimination based on pregnancy.

34. Plaintiff was employed by Defendant and was qualified for her position.

35. Plaintiff was, and continues to be, a member of a protected class under Title VII as amended the by PDA.

36. Defendant willfully, and with malicious or reckless disregard of Plaintiff's federally protected rights, discriminated against Plaintiff on account of her pregnancy, in violation of Title

VII as amended by the PDA, by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, inter alia, terminating Plaintiff's employment due to her pregnancy related illness.

37. The fact that Plaintiff was pregnant was a motivating factor in Defendant's decision to terminate Plaintiff.

38. Defendant's violations of Title VII as amended by the PDA were willful, as its managers engaged in the above-described actions while knowing that same were impermissible under the law.

39. As a direct and proximate result of Defendants' discrimination, Plaintiff has suffered substantial losses, including lost income, wages and benefits as well as mental anguish, stress, and anxiety.

WHEREFORE, Plaintiff prays that this Court will grant:

a. judgment in her favor and against Defendants for violation of the anti-discrimination provisions of Title VII as amended by the PDA;

b. judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c. judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d. judgment in her favor and against Defendant for her reasonable attorneys' fees and litigation expenses;

e. judgment in her favor and against Defendant for punitive damages;

   f. declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the Title VII as amended by the PDA; and

   g. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

### Count II: Pregnancy Discrimination in Violation of the FCRA

40. Plaintiff, realleges and adopts, as if fully set forth in this Count, all the allegations in ¶¶ 1-30.

41. The FCRA provides at § 760.10(1), Fla. Stat.:

It is an unlawful employment practice for an employer:

(a) To discharge or…discriminate against any individual with respect to compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.

(b) To limit,…or classify employees…in any way which would deprive or tend to deprive any individual of employment opportunities, or adversely affect any individual's status as an employee, because of such individual's race, color, religion, sex, pregnancy, national origin, age, handicap, or marital status.

42. Plaintiff is a member of a protected class under the FCRA based upon her status as a pregnant woman.

43. Defendant engaged in unlawful employment practices and discriminated against Plaintiff on account of her pregnancy, in violation of the FCRA, by treating Plaintiff differently than similarly situated employees in the terms and conditions of her employment by, inter alia, terminating Plaintiff's employment due to her pregnancy related illness.

44. Defendant's violations of the FCRA were willful, as its managers engaged in the above-described actions while knowing that same were impermissible under the law.

45. As a direct and proximate result of Defendant's discrimination, Plaintiff has suffered substantial losses, including lost income, wages and benefits as well as mental anguish, stress, and anxiety.

WHEREFORE, Plaintiff prays that this Court will grant:

a. judgment in her favor and against Defendants for violation of the anti-discrimination provisions of the FCRA;

b. judgment in her favor and against Defendant for economic damages, including lost earnings, reinstatement, front pay, and/or all actual monetary losses suffered as a result of Defendant's conduct;

c. judgment in her favor and against Defendant for noneconomic damages, including but not limited to, pain, suffering, mental anguish, emotional distress, and/or loss of enjoyment of life suffered as a result of Defendant's conduct.

d. judgment in her favor and against Defendants for her reasonable attorneys' fees and litigation expenses;

e. judgment in her favor and against Defendant for punitive damages;

f. declaratory judgment that Defendant's practices toward Plaintiff violate Plaintiff's rights under the FCRA; and

g. an order granting such other and further relief as this Court deems just and equitable under the circumstances of this case.

**Jury Trial Demand**

Plaintiff demands trial by jury on all issues so triable.

Dated this 13th day of July, 2021.

> Respectfully submitted,
>
> **Brenton Legal P.A.**
> *Counsel for Plaintiff*
> 1070 E. Indiantown Rd., Suite 400
> Jupiter, FL 33477
> Phone: 954-639-4644
> Service: eservice@brentonlegal.com
>
> By: */s/ Ryan Brenton*
>     Ryan Brenton
>     Florida Bar No.: 107675
>     rcb@brentonlegal.com
>     Travis Beal
>     Florida Bar No.: 104890
>     tjb@brentonlegal.com
>     Christopher Fennell
>     Florida Bar No.: 113546
>     caf@brentonlegal.com